IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID C. STEVENS,

        Plaintiff,

vs.                                                      No. CIV 09-566 JEC/LFG

BOARD OF COMMISSIONERS
OF BERNALILLO COUNTY,

        Defendant.

## SCHEDULING ORDER

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference conducted July 28, 2009.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Standard**" track classification.

Plaintiff and Defendants should be allowed until **August 28, 2009** to join additional parties and amend the pleadings.

The termination date for discovery is **December 28, 2009,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions

for protective order) shall be filed with the Court and served on opposing parties by **January 19, 2010**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **Oct. 27, 2009**. All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **Nov. 27, 2009**.[1]

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **January 28, 2010**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiff to Defendant on or before **March 15, 2010**; Defendant to Court on or before **March 29, 2010**. Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

Defendant has asserted qualified immunity as an affirmative defense. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to

---

[1] Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report. *See* <u>Blodgett v. United States</u>, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).

a stay of discovery.  Saucier v. Katz, 533 U.S. 194, 200-202 (2001); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 335-36 (10th Cir. 1992).

To ensure that Plaintiff has an adequate opportunity to respond to the motion to dismiss or for summary judgment, upon receipt of the potentially dispositive motion, should Plaintiff believe that some discovery on the issue of qualified immunity is necessary, Plaintiff should file a FED. R. CIV. P. 56(f) affidavit.  It will be insufficient for Plaintiff to simply argue that the motion is premature, that discovery is incomplete or that additional discovery must be undertaken.  Rather, Plaintiff must specifically show what discovery is necessary, what the proposed discovery is likely to disclose and how the discovered evidence will assist Plaintiff in overcoming Defendant's *prima facie* showing. *See* Ben Ezra, Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) (holding that, under Rule 56(f), nonmoving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact); Burke v. Utah Transit Authority & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006) (Rule 56(f) affidavit must state with specificity how additional discovery will rebut summary judgment motion).

Any Rule 56(f) affidavit should be presented to the undersigned magistrate.  The filing of the 56(f) affidavit will serve to stay the response time to the underlying motion.  Upon review of the 56(f) affidavit, the magistrate will determine if Plaintiff has made a sufficient case for discovery. If so, the Court will issue an order consistent with the narrowly tailored requirements of Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989), and will outline what discovery may be taken, the nature and extent of the discovery and the time limit for completing discovery.  The Court will also provide Plaintiff with a new response date to the underlying motion.

Alternatively, if the magistrate concludes that Plaintiff has failed to make a sufficient case for discovery, the request for additional discovery on qualified immunity will be denied.  In that event, the Plaintiff will still be given a new response date to the underlying motion.  All other

discovery will be stayed pending the Court's consideration and disposition of the motion on qualified immunity.

                                                   *Lorenzo F. Garcia*
                                                  Lorenzo F. Garcia
                                                  Chief United States Magistrate Judge